# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TONY ORY** | : | **DOCKET NO. 17-cv-0005** |
| **VERSUS** | : | **JUDGE PATRICIA MINALDI** |
| **BRITISH AMERICAN INS. CO.,** | | |
| **ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Remand [doc. 8] filed by plaintiff Tonya Ory ("plaintiff"). The motion was filed in response to the Notice of Removal [doc. 1] filed by defendants Daniel McPike ("McPike") and British American Insurance Company ("BAIC") (collectively, "defendants"). For the reasons stated below, **IT IS RECOMMENDED** that the motion be **DENIED.**

## I.
### BACKGROUND

This case arises from a motor vehicle accident on December 7, 2015, on U.S. Highway 171 in Vernon Parish, Louisiana. Doc. 1, att. 4, p. 4. Plaintiff contends that she was making a left turn at a green arrow on southbound U.S. 171 when defendant McPike failed to yield to a red traffic signal on northbound U.S. 171, causing his vehicle to collide with plaintiff's. *Id.* at 4–5. Plaintiff filed suit against McPike and his insurer, BAIC, in the 30th Judicial District Court, Vernon Parish, Louisiana, on November 18, 2016, alleging that McPike's negligence had caused the accident and that as a result she had

> [s]ustained injuries to her face, leg, neck, back, and head, together with past and future mental anguish and physical suffering; past and future loss of

> enjoyment of life; past and future expenses for medical care including travel
> to and from her medical providers; [and] past and future loss of earnings
> and impaired earning capacity . . . .

*Id.* at 4–6.

On December 16, 2016, counsel for the defendants sent a letter to plaintiff's counsel, noting that the petition was vague as to the amount in controversy and requesting that she stipulate that the value of her claim was less than $75,000 if she believed that to be the case. Doc. 19, att. 1, p. 1. He stated that if no stipulation was received, he would proceed with removing the case to federal court. *Id.* Plaintiff's counsel responded on December 27, 2016, answering in relevant part:

> Unfortunately, Ms. Ory is still treating, and I cannot say at this time that her
> claim is worth less than $75,000.00. It may end up being worth less than
> that, or perhaps more, but it is too early to tell right now.

Doc. 19, att. 2, p. 1.

On January 3, 2017, BAIC and McPike filed a joint notice of removal to this court. Doc. 1. There they asserted that diversity jurisdiction existed under 28 U.S.C. § 1332, alleging complete diversity of citizenship based on the fact that Ory is a Louisiana resident and domiciliary, McPike is domiciled in Texas, and BAIC is a foreign insurer who is deemed to share citizenship with its insured for diversity purposes. *Id.* at 2. They also contended that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* at 3.

Ory filed the instant motion to remand on March 28, 2017. Doc. 8. She does not challenge the defendants' citizenship allegations but instead contends that this court lacks removal jurisdiction because the defendants cannot meet their burden of showing that the amount in controversy exceeds $75,000. Doc. 8, att. 1. The defendants oppose the motion.[1] Doc. 19.

---

[1] The defendants also filed a motion to compel discovery on April 3, 2017, based on plaintiff's failure to respond to discovery requests relevant to her damages. Doc. 10. This court granted the defendants' motion for a status conference to resolve the motion to compel and plaintiff's counsel agreed in that conference to respond to the pending discovery.

## II.
### LAW AND ANALYSIS

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Louisiana law forbids plaintiffs in state courts from pleading a specific numerical value of damages. *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing LA. CODE CIV. P. art. 893). Therefore, when a case originally filed in a Louisiana state court is removed to federal court on the basis of diversity, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Id.* (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). A defendant may meet this burden by either (1) showing that it is facially apparent from the allegations in the petition that the amount in controversy exceeds $75,000, or, if it cannot be shown from the petition, (2) offering summary-judgment type evidence that support a finding of the requisite amount. *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). Once the removing defendant has made this showing, the burden shifts to the plaintiff to show to a "legal certainty" that he will not be able to recover the jurisdictional amount. *De Aguilar*, 47 F.3d at 1411–12. The jurisdictional facts supporting removal must be judged at the time of removal. *Allen v. R. & H. Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

---

Docs. 13, 14. On May 30, 2017, the motion was dismissed as moot due to plaintiff's compliance. Doc. 18. The Defendants filed their opposition to the motion to remand two weeks later. *See* doc. 19.

Here the defendants acknowledge that "[i]t is not facially apparent from a review of Plaintiff's Petition whether her claims will be able to meet the jurisdictional amount." They contend, however, that based on her failure to stipulate as well as the discovery responses showing the extent of medical treatment and potential claims for lost wages and pain and suffering, the amount in controversy requirement is met.

The medical records provided by plaintiff indicate that she consulted with multiple providers over the course of 2016.[2] *See* doc. 19, att. 3. The medical expense recap shows that she had incurred over $21,000 in medical expenses by the time of removal. *Id.* at 21–22. Although many of these expenses came from imaging and the emergency care she received just following the accident, she has also incurred several thousand dollars through long-term chiropractic treatment together with consults with a neurologist and orthopedist over the course of several months. *Id.* Her medical records show that she complained of severe migraines in her neurological consult, over four months after the accident. *Id.* at 23. She has also been treated for neck and back pain, with an MRI showing minimal disk bulging in both her lumber and thoracic spine. *Id.* at 21, 25–27, 28, 29. As plaintiff's counsel noted in refusing to sign the stipulation for damages, plaintiff's medical treatment is ongoing. Doc. 19, att. 2, p. 1.

Plaintiff's interrogatory responses show that she is claiming an unspecified amount of missed work with her employer where she is compensated at a rate of $14.82 per hour. *Id.* at 4–6. Plaintiff specified that she had missed one week after the accident and had also missed work to attend doctor's appointments. *Id.* at 5. Additionally, she stated that she also missed work "when

---

[2] The records provided by plaintiff include post-removal treatment and post-removal statements supplied by plaintiff about her present condition. Mindful of the fact that jurisdictional facts must be judged at the time of removal, we consider only the evidence that relates to the potential amount in controversy on January 3, 2017.

her pain level has been too elevated," without specifying the frequency, and stated that an expert report would be provided to support her claim for impairment of future earning capacity. *Id.*

Given the support for plaintiff's claims of pain and suffering, the ongoing nature of her medical treatment, and the claims for lost wages and impairment of future earning capacity, it appears that the amount in controversy could well exceed $75,000. Accordingly, defendants have met their burden on this point. As plaintiff offers nothing to refute this showing, she has not defeated the defendants' showing of removal jurisdiction. Thus there is no basis for granting the motion to remand.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** the Motion to Remand [doc. 8] be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 24th day of July, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE